**Ricky BEAVER, Plaintiff—Appellant,**

v.

**CITY OF FEDERAL WAY, et al.,**
**Defendants—Appellees.**

No. 07–35814.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 25, 2008.

Jill D. Bowman, Kenneth M. Odza, Esquire, Gloria S. Hong, Esquire, Stoel Rives, LLP, Seattle, WA, for Plaintiff–Appellant.

Robert L. Christie, Esquire, Thomas P. Miller, Christie Law Group, PLLC, Seattle, WA, Jennifer Elizabeth Snell, Esquire, Aaron Gregory Walls, City of Federal Way, Federal Way, WA, for Defendants–Appellees.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

* The Honorable James C. Mahan, United States | District Judge for the District of Nevada, sit-

MEMORANDUM **

The district court found that City of Federal Way police officers Douglas Laird and Heather Castro were entitled to qualified immunity for tasing appellant Ricky Beaver five times during his arrest on August 27, 2004. The court found there was no clearly established law on August 27, 2004, that tasing an arrestee who was suspected of a serious crime, had attempted to flee from officers, and continued to be non-compliant was unconstitutional. We affirm.

An officer is entitled to qualified immunity when his or her conduct is not a violation of an arrestee's clearly established rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Those rights must be so clearly established at the time of an alleged violation that it would be "clear to a reasonable officer that his [or her] conduct was unlawful." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This standard can be established in two ways: (1) by showing that there is clearly established law putting officers on notice that their conduct is unlawful, *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); or (2) by showing that the officer's conduct was a patently offensive violation of an existing right, *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir.2000).

Here, there was no clearly established law on August 27, 2004, to put a reasonable officer on notice that tasing an arrestee who was suspected of a serious crime, had attempted to flee from officers, and continued to be non-compliant was uncon-

stitutional. Additionally, the officers' conduct was not a patently offensive violation of Beaver's constitutional rights.

An officer's conduct is patently offensive when, without prior court guidance, a reasonable officer would know that the conduct is unconstitutional. *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir.1994). This court examines several factors to determine if conduct is patently offensive including: the helplessness of the arrestee, the seriousness of the offense committed, the objectively reasonable threat to the safety of the officers or others, the risk of an arrestee's flight, and the adequacy of an officer's warning before the use of force. *See Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir.2001); *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir.2000).

Applying those factors to this case, the officers' conduct was not patently offensive of Beaver's constitutional rights. Beaver was suspected of committing a daytime burglary, a felony crime in Washington state, and was attempting to flee from officer Laird. He ignored Laird's warning to stop and remained non-compliant to the officers' commands. The officers relied on the taser only as a last resort to gain control of Beaver.

Affirmed.

SILVERMAN, Circuit Judge, concurring:

I concur in the Memorandum, but write separately to clarify that the officers's use of the Taser in this case simply did not amount to excessive force. Beaver was fleeing from a residential burglary. After he was brought to the ground, he refused

---

ting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to show his hands and be handcuffed. The officers had the right to use reasonable force to effect Beaver's arrest.

The Taser applications caused no injury to him. Indeed, Beaver, who was highly intoxicated on drugs, does not even recall the incident. The several uses of the Taser here (the last two are the only ones challenged here) finally caused Beaver to release his arms so that he could be handcuffed. And safely handcuffed he was, without injury to him or the officers. This seems preferable to other methods that could have been tried to get Beaver to release his arms, such as fighting with him. When several officers struggle with a suspect to make an arrest, the suspect almost always comes out worse for wear, not to mention the risk of injury to the officers.

The officers did not act unconstitutionally in using the Taser as they did in these circumstances. The force used was reasonable; it was employed to effect an arrest of a recalcitrant suspect and not to punish, and caused no injury.